IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHERYL N. INMON, | Civil No. 1:15-cv-00982-CL |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiff Cheryl Inmon ("Plaintiff") has filed an application for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (#22), 28 U.S.C. § 2412, seeking costs and attorney fees in the amount of $6,784.50 [30.4 total hours of attorney time, 6 hours of paralegal time, and a $400 filing fee]. The Commissioner objects to Plaintiff's application. For the reasons explained, Plaintiff's application should be granted.

## BACKGROUND

Plaintiff obtained a judgment remanding this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings (#20). Plaintiff is the prevailing party. Plaintiff alleges that her net

worth meets the EAJA net-worth requirements. The Commissioner concedes that the administrative decision was not substantially justified, and stipulates to the hourly rate; no objections are raised to the hours of attorney and paralegal time proposed by Plaintiff or the filing fee cost. Rather, the Commissioner asserts that special circumstances in this case make fee-shifting unjust. Specifically, the Commissioner argues that Plaintiff's counsel ("Counsel") "contributed significantly to the Administrative Law Judge's [] error." Comm'r's Resp., p. 3.

The genesis of the Commissioner's argument is Counsel's request to postpone an in-person hearing scheduled for February 14, 2013, due to her client's bad health; winter weather; general poor road conditions between Plaintiff's home in Seaside, Oregon, and Portland, Oregon, the scheduled location of the hearing; and the fact that the hearing site was not within seventy-five miles of Plaintiff's residence.[1] The Administrative Law Judge ("ALJ") denied Counsel's request and held the hearing, as scheduled, on February 14, 2013, over Counsel's objection. The ALJ found Plaintiff "failed to provide good cause for objecting to the time or place of the hearing," specifically stating that Portland was the nearest hearing office to Plaintiff's residence; Plaintiff had made no mention of her inability to attend a hearing in Portland when she first made a request for an in-person hearing; Plaintiff's argument that her health issues precluded travel—which was accompanied by a corroborating note from her physician—was "not substantiated by evidence in the medical record" and inconsistent with Plaintiff engaging in more strenuously activities; and Plaintiff's argument of poor weather and road conditions was made too far in advance. Tr. 16-17.

---

[1] To the extent that it is possible, HALLEX I-2-3-10 instructs that the hearing site be within seventy-five miles of the claimant's residence. Counsel argues hearings have been held in Astoria, Oregon, which is within seventy-five miles of Plaintiff's residence and, therefore, Plaintiff's hearing should have been conducted in Astoria. The ALJ states that Astoria is not a hearing office.

2 - REPORT AND RECOMMENDATION

At the hearing, Counsel appeared without her client, stating Plaintiff was unable to appear due to the above-mentioned reasons. Counsel explained that she informed Plaintiff the matter would likely be dismissed if Plaintiff did not appear in person or by telephone, but—knowing that Plaintiff could not appear in person and that her case would likely be dismissed if she made no appearance—she advised Plaintiff against a telephonic appearance, apparently believing Plaintiff would be better off appealing the ALJ's dismissal. The ALJ responded by suggesting that Counsel had told her client not to cooperate. Counsel denied this assertion, arguing she had told her client they wanted to have an in-person hearing. Thereafter, in an effort to determine what Plaintiff herself wanted, the ALJ asked for Plaintiff's phone number, but Counsel refused to provide it, stating, "I'm not going to cooperate with a telephone hearing. I've told you that." Tr. 44. Later in the hearing, Counsel also indicated that she had not submitted updated medical records, saying that she had not "anticipat[ed] having a hearing today," so the record had not been brought up to date. Tr. 47.

In a written decision issued on March 11, 2013, the ALJ held that, by failing to appear at the February 2013 hearing, Plaintiff had constructively waived her right to appear; however, the ALJ decided against dismissing the case, noting that Counsel appeared, making dismissal inappropriate. Consequently, the ALJ proceeded with issuing a decision based on the merits of Plaintiff's case. The ALJ subsequently denied Plaintiff's application for Social Security disability benefits. The parties have stipulated that the ALJ's decision to deny benefits be reversed and remanded and, on remand, that Plaintiff be provided "an opportunity for a new hearing." Stipulated Mot. for Remand, p. 1-2.

Additional facts related to particular claims are discussed below.

///

///

3 - REPORT AND RECOMMENDATION

## DISCUSSION

### I. "Special Circumstances" Exception

Based on Counsel's actions at the February 2013 hearing, the Commissioner asserts Counsel significantly contributed to the record's deficiency and "possibly even encourag[ed] procedural error," making it unjust under the "special circumstances" exception to award Plaintiff costs and attorney fees. Comm'r's Resp., p. 3. As explained below, the Court finds the Commissioner has failed to show that the equities warrant denying Plaintiff costs and attorney fees.

A court is prohibited from awarding costs and attorney fees under the EAJA where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing special circumstances exist making an award unjust. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). "The 'special circumstances' exception to the mandatory award of attorney fees when the government's position was not substantially justified" was created to make certain that the government not be deterred from furthering "good faith but novel legal arguments and to protect the court's discretion to rely on equitable factors in denying a fee award." Abela v. Gustafson, 888 F.2d 1258, 1266 (9th Cir. 1989) (citing H.R. Rep. No. 96-1418 at 11, reprinted in 1980 U.S. Code Cong. & Admin. News at 4953, 4990). The exception "should only be invoked with caution." Lucas v. White, 63 F. Supp. 2d 1046, 1056 (N.D. Cal. 1999).

The Commissioner advanced no novel legal arguments, nor does the Commissioner contend she has. Instead, the Commissioner's sole argument is that equitable factors deny a fee award. As stated, the Commissioner argues Counsel significantly contributed to the ALJ's error. In advancing this argument, the Commissioner appears to rely on three specific developments that took place at the February 2013 hearing: (1) Counsel's refusal to divulge her client's telephone number and submit

4 - REPORT AND RECOMMENDATION

her client to a telephonic hearing; (2) The ALJ's suggestion that Counsel instructed her client not to cooperate, either by failing to appear in person or by telephone; and (3) Counsel's failure to update medical records, failure to notify the agency of additional medical records, and failure to take necessary steps to substantively prepare for the February 2013 hearing. The Court will address each in turn.

### A. Failure to Submit to a Telephonic Hearing

Counsel's refusal to cooperate with a telephonic hearing does not warrant application of the "special circumstances" exception. Plaintiff, through her counsel, made clear that she wanted an in-person hearing. In fact, Plaintiff's initial hearing was scheduled to be conducted through video teleconferencing. It was not until Plaintiff timely objected and invoked her right under 20 C.F.R. § 404.936(d) (2014) to have an in-person hearing that the ALJ moved the hearing to Portland. Thus, Counsel's refusal to "cooperate with a telephone hearing," far from "encouraging procedural error," appears to be in line with her client's wishes and suggests nothing more than zealous advocacy.

### B. Alleged Advice Not to Cooperate

The facts do not indicate that Plaintiff's failure to appear at the February 2013 was at the direction of her counsel or that Counsel advocated Plaintiff not cooperate with the agency. Rather, the record indicates Plaintiff was genuinely unable to appear on the scheduled hearing date. Indeed, Plaintiff, through her counsel, initially requested postponement in December 2012; she made additional requests in January and February 2013, apparently after receiving no response from the Portland and Seattle Offices of Disability Adjudication. And Counsel made clear in January that Plaintiff was unable to attend the scheduled February 2013 hearing because Plaintiff could not travel from Seaside to Portland during the winter months; this assertion was corroborated in a note from

5 - REPORT AND RECOMMENDATION

her physician. Moreover, Counsel directly contacted the ALJ's assistant and the ALJ, informing them that Plaintiff was unable to attend the February 2013 hearing. Accordingly, Plaintiff's absence from the February 2013 hearing should have come at no surprise and does not appear to be some ploy by Counsel to encourage procedural error.

### C. Failure to Update Medical Records and Failure to Prepare for Hearing

Finally, the Commissioner argues that the equities weigh against fee-shifting because "Plaintiff's counsel made it clear that she had not submitted updated medical records, notified the agency of additional medical records, or taken steps to prepare substantively for the hearing." Comm'r's Resp., p. 3. The Commissioner maintains that the regulations in place in February 2013 required Counsel to "[a]ct with reasonable promptness to obtain the information and evidence that the claimant wants to submit in support of his or her claim, and forward the same to [the agency] for consideration as soon as practicable." 20 C.F.R. § 404.1740(b)(1) (2012). Because Counsel failed to do so, the Commissioner states that Counsel significantly contributed to the record's deficiency and the "special circumstances" exception applies.

Plaintiff counters by arguing that the situation was not one of neglect, delay, or unpreparedness on her counsel's part; instead, the record was not developed at the hearing because Plaintiff was unable to attend the hearing. Additionally, Plaintiff asserts that her counsel's office's policy is not to update medical records until "the run-up to [the] hearing." Pl.'s Reply, p. 5. Plaintiff stresses that this is "a pragmatic approach," initiated to save office overhead and client costs, since medical-record requests take up "significant staff time" and are expensive. Pl.'s Reply, p. 5. Plaintiff asserts that this practice is "consistent with the requirements of Social Security regulations." Pl.'s Reply, p. 5. Finally, Plaintiff argues that because "her inability to attend the February hearing was

6 - REPORT AND RECOMMENDATION

never in question, it was not only reasonable but prudent for [her] lawyer to delay updating the medical file." Pl.'s Reply, p. 5.

First, as to the Commissioner's argument that Counsel was unprepared, the transcript of the February 2013 hearing indicates Counsel was not somehow neglecting her duties; rather, she objected to taking vocational expert testimony, believing the hearing was illegitimate due to her client's inability to attend the hearing in person. It cannot be argued that this objection was so improper that the narrowly construed "special circumstances" exception applies and should deny Plaintiff fees.

Next, the Commissioner's argument that Counsel's failure to update the medical records warrants a finding that fee-shifting is inappropriate also fails. Much like Counsel's decision not to cooperate with a telephonic hearing, it appears that her decision to delay updating her client's medical records was driven by a strategic decision to advance her client's interests, not by a desire to subvert the decision-making process. As stated, it was clear by at least January that weather, road conditions, and Plaintiff's health precluded Plaintiff's attendance at the February 2013 hearing. Therefore, it is reasonable to interpret Counsel's decision to forego requesting expensive medical updates as a pragmatic decision to save her client money, knowing that her client would be unable to attend the February 2013 hearing and the ALJ would like dismiss Plaintiff's case for nonappearance anyway. Accordingly, this appears to be nothing more than a strategic decision, which does not appear to be made in bad faith, and the Court finds that the Commissioner has failed to carry its burden to show that Counsel's decisions surrounding Plaintiff's medical records weighs against fee-shifting.

///

7 - REPORT AND RECOMMENDATION

### D. No Special Circumstances Proven

The Commissioner has failed to prove special circumstances exist that would defeat the fee award. The "special circumstances" exception is to be invoked with caution. Lucas, 63 F. Supp. 2d at 1056. And, here, Counsel's strategic choices, which do not appear to be made in bad faith but rather in an effort to advance her client's interest in an efficient and cost-savvy manner, do not amount to the type of bad faith that would justify shifting the equities. No special circumstance applies, and EAJA fees should be awarded to Plaintiff.

### II.     Reasonableness of Fees and Costs

The Supreme Court has found that, "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley [v. Eckerhardt, 461 U.S. 424 (1983), where the Court determined an award of attorney's fees in a civil rights case]." Commissioner v. Jean, 496 U.S. 154, 161 (1990). "The party opposing the fee application has a burden of rebuttal that requires submission of **evidence** to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993) (emphasis added); Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994); Lucas, 63 F. Supp.2d at 1057. "Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees." Lucas, 63 F. Supp.2d at 1057-58 (citing Gates, 987 F.2d at 1397-98).

///

///

///

Here, the Commissioner raises no objections to the hourly rate, the hours of attorney and paralegal time proposed by Plaintiff, or the cost of the filing fee. Having reviewed the record, the Court finds the number of hours spent by Counsel and the hourly fee requested reasonable under the EAJA. IT IS RECOMMENDED that Plaintiff's motion for costs and attorney fees (#22) under the EAJA be granted.

## RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's application for costs and attorney fees under the EAJA (#22) be granted in the amount of $6,784.50, and a supplemental judgment entered accordingly. Plaintiff has evidently filed an assignment of EAJA fees. Pl.'s Am. Appl. for Att'y Fees, p.2 n.1. As such, unless it is determined that Plaintiff owes a federal debt, the fee award shall be made payable to Plaintiff's counsel. See Astrue v. Ratliff, 560 U.S. 586, 595-97 (2010).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days after the date this recommendation is filed. Federal Rules of Civil Procedure 72. If objections are filed, any response to the objections is due within fourteen (14) days after being served with a copy of the objections. Id.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 15 day of September 2016.

MARK D. CLARKE
United States Magistrate Judge

10 - REPORT AND RECOMMENDATION